UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VECAN DONABEDIAN,**

Case No.: 2019 -          -

Honorable:
Magistrate:

Plaintiff,

v.

**G-TECH SERVICES, Inc., a Domestic Profit Corporation, and**
**FORD MOTOR COMPANY, a Foreign Profit Corporation.**

Defendant.
_____/

MEROUEH & HALLMAN, PLLC
Attorneys for Plaintiff
Zachary A. Hallman, P78327
Odey K. Meroueh, P76460
14339 Ford Rd., 2nd Floor
Dearborn, MI  48126
(313) 582-7469
zhallman@mhatlaw.com
okm@mhatlaw.com
_____/

## **COMPLAINT AND JURY DEMAND**

Vecan Donabedian ("PLAINTIFF"), for his Complaint against the G-Tech Services, Inc. AND Ford Motor Company ("DEFENDANTS"), states and alleges as follows:

1

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Vecan Donabedian is a resident of Dearborn, in the County of Wayne, State of Michigan.

2. This suit is brought and jurisdiction lies pursuant to 29 USC § 2601 et seq. of Family Medical Leave Act of 1993 (FMLA).

3. Defendants operate throughout the State of Michigan, including in this instant district.

4. The events giving rise to this action occurred mostly in the cities of Dearborn and Allen Park, Wayne County, Michigan, although at multiple facilities and locations.

5. At all relevant times, Plaintiff was and is an eligible employee as defined by the FMLA.  29 USC 2611(2).  29 CFR 825.110-111.

6. At all relevant times, Defendants both qualified as Plaintiff's joint employers as defined by the FMLA.  See id; 29 CFR § 825.106.

7. This Honorable Court has jurisdiction pursuant to 28 USC § 1331.  29 USC 2611(4).  29 CFR 825.104-105.

8. All the discriminatory employment practices alleged in this complaint occurred within the State of Michigan and by Defendants or one of either

of its agents, affiliates, subsidiaries, parent organizations or some other party the actions of which would hold Defendants liable.

9. Plaintiff brings Count II of his Complaint under the Fair Labor Standards Act ("FLSA"), 29 USC 201 et seq.

10. Defendant Ford Motor Company is an employer engaged in commerce as defined under the FLSA. 29 USC § 206 et seq; See id at § 203(d).

11. Defendant G-Tech Services, Inc. is an employer engaged in commerce as defined under the FLSA. 29 USC § 206 et seq; See id at § 203(d).

12. Plaintiff qualifies as an employee of both Defendants. 29 USC § 203(e)(1).

13. Under the provisions of the FLSA, Plaintiff is jointly employed by Defendant Ford Motor Company ("Ford") and G-Tech Services, Inc. ("GTech"). 29 CFR 791.2.

14. Defendants, acting individually and/or jointly as employers for Plaintiff, did willfully violate the FMLA as well as the FLSA with regard to Plaintiff, at all relevant times to this Complaint.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

16. Plaintiff began his employ as a Business Analyst, then was promoted to Project Manager, and then to Senior Project Manager in or around 2011 for Defendant GTech.

17. In 2011 Plaintiff started on the account for Defendant Ford, and from 2011 until the date of his termination, Plaintiff was dually employed by Ford and Gtech.

18. At all times during his employ for Gtech he worked at a location under the control of Ford to the extent that liability as a secondary employer extends to Ford under the definitions of both the FMLA and FLSA.

19. Plaintiff was manager in title only, in that his role did not qualify him for any of the exemptions under the FLSA.

20. Mr. Donabedian inquired to his human resources benefits manager at Gtech, Ms. Wafaa Bennett regarding FMLA leave to provide care for his sick parents.

21. At all relevant times to this instant Complaint, Plaintiff lived with and provided care for both of his elderly and ailing parents.

22. My client was informed at that time by the Human Resources Department that both his mother's serious health condition, and his father's serious health condition, at the time would qualify him for FMLA protected leave.

23. On or around October 15, 2018, the Plaintiff learned that his 93-year-old father had Stage 5 kidney failure, along with the other serious medical issues that already qualified Plaintiff for FMLA protected leave.

24. On or around October 18, 2018, the Plaintiff informed Ms. Bennett and Nancy Campbell, GTech Account Manager, of the dire and rapidly deteriorating condition of both of Plaintiff's parents, and that FMLA leave was expected to be imminently necessary.

25. He received approval for such leave, again for both of his parents, the exact length-of-time to be determined at the time the leave was necessary, on or around October 24, 2018.

26. Plaintiff immediately, the same or next day, submitted the required FMLA leave paperwork and commenced his FMLA protected leave on or around October 29, 2018.

27. My client provided supplemental notice to G-Tech Services, Inc. that his approved leave was necessary until January 2, 2019, on or around October 24, 2018, for which, again, he was approved.

28. Plaintiff's beloved mother, who unfortunately passed away on December 15, 2018, could not provide such care for his father because of her own serious health conditions.

29. Plaintiff was informed on December 19, 2018, by Ms. Bennett, that his position was being eliminated and that there was not another position that could be offered to Plaintiff upon his anticipated return from leave, in violation of an employer's burden under the FMLA.

30. On or around December 19, 2018, Ms. Campbell requested that Plaintiff return his company laptop, which Plaintiff did.

31. Each year that Mr. Donabedian worked he executed an employment agreement authorizing his hourly rate-of-pay.

32. Plaintiff had always received, at all relevant times, above-average performance reports from Defendants, as well as several awards and recognition for outstanding performance.

33. Plaintiff at no time during his employ for Defendants was paid a rate of one-and-a-half times his hourly rate for all hours worked in excess of 40 hours per week, as required by the FMLA and related Michigan wage statutes.

34. There exists an interrelation of operations between Defendants as it relates to, at all relative times, Plaintiff.

35. There exists a commonality in management between Defendants as such relates to, at all relevant times, Plaintiff.

## COUNT I - VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

36. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

37. Plaintiff's father, at all times relevant to this Complaint, possessed a serious health condition(s) that entitled Plaintiff to FMLA qualifying leave.

38. Plaintiff's mother, at all times relevant to this Complaint, possessed a serious health condition(s) that entitled Plaintiff to FMLA qualifying leave.

39. Defendants each have more than fifty employees.

40. Plaintiff had been employed by Defendants for well over a year and had worked more than 1,250 hours in the year preceding the onset of his leave request in September of 2018.

41. Plaintiff's request for FMLA leave to care for his ailing father were approved by Defendants.

42. Defendants' each failed to live up to its burden under the FMLA, by terminated Plaintiff while he was on FMLA leave in or around mid-December (informing Plaintiff of such decision on or around December

19, 2018) and not permitting him to return to his position, or another similar position, when his leave expired on January 2, 2019.

43. As a direct and proximate result of Defendants' actions, Plaintiff has suffered loss of past and future wages, loss of employment benefits and opportunities, and other pecuniary and non-pecuniary losses.

**COUNT III – Unpaid wages in violation of the Fair Labor Standards Act**

44. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

45. Defendant Ford is, at relevant times to Plaintiff's allegations in this Complaint, Plaintiff's employer.

46. Defendant GTech is, at relevant times to Plaintiff's allegations in this Complaint, Plaintiff's employer.

47. Employers covered by the FLSA must pay one-and-a-half times an employee's regular hourly wage for each hour or part of an hour that the employee works in excess of 40 in one week, unless that employee should be exempt.  29 USC § 207(a)(1).

48. Plaintiff, at all relevant times while under the employ of Defendant Gtech

and Ford, was not an exempt employee.

49. Defendants failed to pay Plaintiff one-and-a-half times of his hourly wage for all hours that Plaintiff worked in excess of 40 hours per week during his employ.

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

a. An award of damages, which includes, but is not limited to back pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

b. Liquidated damages where appropriate;

c. All damages and other relief afforded by law;

d. An award of punitive damages where appropriate in an amount to be proven at trial;

e. Such other further relief as the Court may deem just and equitable.

DATED: 2/18/2019

Respectfully submitted,

BY: /s/ *Zachary A. Hallman*

>ZACHARY A. HALLMAN (P78327)
>Attorney for Plaintiff
>
>14339 Ford Rd., 2nd
>Floor Dearborn, MI
>48309
>(313) 582-7469

## DEMAND FOR JURY TRIAL

Vecan Donabedian ("PLAINTIFF"), by and through his attorneys, Meroueh & Hallman, LLP, hereby makes a demand for a jury trial in this matter.

Dated: February 18, 2019

>Respectfully submitted,
>Meroueh & Hallman, LLP
>
>BY: /s/ *Zachary A. Hallman*
>ZACHARY A. HALLMAN (P78327)
>Attorney for Plaintiff
>
>14339 Ford Rd., 2nd
>Floor Dearborn, MI
>48309
>(313) 582-7469